The circuit court of Sangamon county confirmed an award of the Industrial Commission in favor of defendant in error, C.E. Sebring, and against plaintiff in error, the Jacksonville and Havana Railroad Company, for the sum of $12.57 a week for a period of 11-1/7 weeks for temporary total incapacity for work, and $12.57 a week for a further period of 132 weeks for sixty per cent permanent loss of use of the left arm, less $160 which had been paid on account of the injury. The record is now here for review upon writ of error by leave of this court.
On September 11, 1926, C.E. Sebring, while employed as a brakeman by plaintiff in error, dislocated his left shoulder when the car upon which he was riding went through a bridge. That Sebring sustained this injury in the course of his employment by plaintiff in error, and that it arose out of such employment is not questioned. After the accident he was taken to a hospital at Jacksonville, where a physical examination was made and his shoulder treated by a physician. On September 14, 1926, he returned to his home in Springfield and a few days later called another physician, who treated him at different times during September, October and November and once in December. On November 29, 1926, Sebring started working for theIllinois State Register as a pilot on one of its rail motor cars and worked as such pilot until December 23, 1926. On December 25, 1926, he began working as a brakeman and baggageman for the Chicago, Springfield and St. Louis Railway Company, and on January 15, 1927, while working as a brakeman and baggageman for that company, he bruised his *Page 352 
foot. An infection developed, and as a result thereof he quit work on January 29, 1927. In February, 1927, he sustained an embolism, or paralytic stroke, since which time he has not worked. He testified that he could not lift anything with his left arm.
Four witnesses testified at the hearing before the arbitrator and the commission. Sebring testified in his own behalf and three physicians were called as witnesses by plaintiff in error. Two of the physicians called by plaintiff in error had treated Sebring for his disability, while the third had made a physical examination of him on February 21, 1927. Sebring testified that he was sixty-five years of age. The doctors who treated him testified that he had myocarditis, nephritis, arteriosclerosis and arthritis; that X-rays showed the shoulder in good position, with arthritis around the joint; that the arthritis was in existence before the dislocation of the shoulder; that prior to December 9, 1926, the arm and shoulder gradually improved. These physicians gave it as their opinion that any limitation of motion in Sebring's left arm and shoulder was the result of arthritis and not the result of the dislocation of the shoulder.
An award under the Compensation act must be based upon facts established by evidence fairly tending to prove such disability and the extent or percentage thereof. While there is evidence tending to show that Sebring may be entitled to some compensation for the loss of use of his arm and shoulder as the result of the accident, for which he has not been compensated, there is no evidence in the record that the injury he sustained caused sixty per cent permanent loss of the use of the left arm.
The order of the circuit court sustaining the award of the Industrial Commission must therefore be reversed and the cause remanded, with instructions to the circuit court to remand the cause to the Industrial Commission.
Reversed and remanded, with directions. *Page 353